IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. ... COURT
...
2012 JUN 15 AM 10: 34

CLERK
SO. DIST. OF GA.

KEITH HENDERSON,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV312-029

W. LEON BARFIELD, U.S. Magistrate
Judge, and DUDLEY H. BOWEN, JR.,
United States District Judge,

    Defendants.

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Baldwin State Prison in Hardwick, Georgia, filed an action ostensibly pursuant to 42 U.S.C. § 1983. Plaintiff also filed an application to proceed *in forma pauperis*. A prisoner proceeding *in forma pauperis* in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that Defendants Magistrate Judge Leon Barfield and District Judge Dudley Bowen unconstitutionally denied him entry into the court system on a previously made claim. Plaintiff claims that Defendants based their denials on racial prejudice rather than proper jurisprudence. As a result of the alleged unconstitutional denials, Plaintiff asserts that the Defendants subjected him to false imprisonment and cruel and unusual punishment. Plaintiff seeks $25,000,000 in damages.

Plaintiff's allegations are barred by judicial immunity. Judges are entitled to absolute immunity for all judicial acts taken within their jurisdiction. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000). Absolute immunity provides judges blanket protection against civil suits regarding any act or decision made in a judicial function, even those charging corruption and malice. Id. However, judicial immunity does not protect judges from actions taken outside of a judicial function or outside of the particular judges'

jurisdiction. Id. Therefore, to be held liable in a civil action, a judge must have acted either outside a judicial function or outside his or her jurisdiction.

Here, there is no evidence suggesting that either judge acted outside his judicial function or jurisdiction. In fact, Plaintiff's claims hinge on the fact that both Defendants were acting within their judicial duties: Plaintiff is suing Defendants based on judicial decisions they rendered, the exact type of job function judicial immunity aims to protect. Hence, judicial immunity applies, and Defendants are immune to Plaintiff's claims.

## CONCLUSION

Based on the foregoing, Plaintiff's application to proceed in forma pauperis is **DENIED**, and it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 15th day of June, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE